IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MORETTE COMPANY, individually,
and for the use and benefit of BITCO NATIONAL
INSURANCE COMPANY,

    Plaintiff,

vs.                               CASE NO.: 3:16-cv-00110-MCR-EMT

SOUTHERN-OWNERS INSURANCE
COMPANY,

    Defendant.
_____/

SOUTHERN-OWNERS INSURANCE
COMPANY,

    Plaintiff,

vs.

MORETTE COMPANY, INC., et. al.

    Defendants.
_____/

**SOUTHERN-OWNERS INSURANCE COMPANY'S MOTION FOR LEAVE FOR CLAIMS REPRESENTATIVE TO APPEAR FOR SETTLEMENT CONFERENCE TELEPHONICALLY OR, IN THE ALTERNATIVE, FOR THE CONFERENCE TO BE SCHEDULED IN PENSACOLA, FLORIDA, AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, SOUTHERN-OWNERS INSURANCE COMPANY

("SOUTHERN-OWNERS"), by and through undersigned counsel, and respectfully requests leave of Court for its claims representative to appear telephonically for the settlement conference to be held pursuant to Court Order in Gainesville, Florida. In the alternative, SOUTHERN-OWNERS requests that the Court schedule the conference to take place in its Pensacola Division, rather than its Gainesville Division. In support of its request, SOUTHERN-OWNERS states as follows:

1. On or about November 3, 2017, this Court entered an Order scheduling a settlement conference to take place in the present matter in Gainesville, Florida, on November 13, 2017.

2. Pursuant to a Motion filed by BITCO and unopposed by SOUTHERN-OWNERS, the settlement conference was taken off the schedule for November 13th, and the parties were given five (5) days to propose alternate dates. It is undersigned counsel's understanding that the settlement conference will be rescheduled to take place on December 18, 2017.

3. The SOUTHERN-OWNERS representative with the appropriate authority and, by far, the most familiarity with the present matter, lives in Pensacola, Florida, and is the primary care giver for her minor granddaughter. It would pose a substantial hardship for her to travel the approximately three hundred and fifty miles from Pensacola to Gainesville to attend the settlement conference in person. To do so

would require her to locate alternate care for her young granddaughter, likely for three consecutive days when travel time is taken into account.

4. It would benefit all parties if the SOUTHERN-OWNERS representative who has been the most intimately involved in the present matter represents the company at the settlement conference (along with counsel).

5. Accordingly, SOUTHERN-OWNERS respectfully requests that this Court grant leave for its claims representative to appear telephonically for the settlement conference in which this Court has ordered the parties to participate.

6. The Court has the discretion to grant SOUTHERN-OWNERS' request. *See Tassone v. Lifecare St. Johns, Inc.*, 2012 WL 1555718, *1 (M.D.Fla. 2012) ("It is axiomatic that the Court has the inherent power to 'manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'"). In *Tassone*, the court exercised its discretion to deny the plaintiff's request to appear telephonically for an initial settlement conference, stating that the locale of the plaintiff's counsel was not, ". . . standing alone, sufficient reason to excuse personal attendance at the early settlement conference." *Id.* Unlike *Tassone*, the parties in the present action have previously participated in a mediation, and SOUTHERN-OWNERS asks only that its claims representative be permitted to attend telephonically. Counsel will attend in person. The *Tassone* court denied the motion without prejudice to the plaintiff to file

a renewed motion upon the showing of exceptional circumstances. Such circumstances are present in this matter.

7. SOUTHERN-OWNERS' claims representative will participate in good faith if permitted to attend by telephone, just as she would if she attended in person. In addition, SOUTHERN-OWNERS will be represented in-person by counsel at the settlement conference.

8. In the alternative, SOUTHERN-OWNERS respectfully requests that this Court schedule the settlement conference to take place in Pensacola, Florida, rather than Gainesville, Florida. The present matter is pending in the Pensacola Division of this Court, and counsel for MORETTE and SOUTHERN-OWNERS are located in Pensacola, as well as SOUTHERN-OWNERS' claims representative. It would pose no more hardship for counsel for BITCO to travel from Tallahassee to Pensacola than it would to travel from Tallahassee to Gainesville.

**WHEREFORE**, SOUTHERN-OWNERS INSURANCE COMPANY, for the reasons stated herein, respectfully requests leave of Court for its representative to attend the Court-ordered settlement conference in the present matter telephonically, rather than in-person. In the alternative, SOUTHERN-OWNERS requests that the Court schedule the settlement conference to take place in Pensacola, rather than Gainesville.

## LOCAL RULE 7.1(B) CERTIFICATION

Undersigned counsel certifies that she has conferred with counsel for BITCO, and that BITCO **opposes** SOUTHERN-OWNERS' request that its representative be permitted to attend the mediation by telephone. However, counsel for BITCO **does not oppose** the request that the settlement conference be scheduled to take place in Pensacola, rather than Gainesville. Undersigned counsel attempted on November 9th to confer via electronic mail with counsel for MORETTE COMPANY, but has not yet received a response.

## LOCAL RULE 7.1(F) CERTIFICATION

Undersigned counsel certifies in compliance with Local Rule 7.1(F) that this Motion contains 761 words.

Respectfully submitted this 10th day of November, 2017.

/s/ MEGAN M. HALL
ELIZABETH A. PARSONS
Florida Bar No. 0040266
MEGAN M. HALL
Florida Bar No. 0041695
Wilson, Harrell, Farrington, Ford,
  Wilson, Spain & Parsons, PA.
307 South Palafox Street
Pensacola, Florida 32502-5929
Telephone: (850) 438-1111
Facsimile: (850) 432-8500
eparsons@whsf-law.com

mhall@whsf-law.com
kmanning@whsf-law.com
*Attorney for Defendant*

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of the foregoing was served by Notice of Electronic Filing via the Court's CM/ECF electronic filing system this 10th day of November, 2017, upon all parties or counsel of record, including the following interested parties:

**Kathy J. Maus, Esquire**
Florida Bar No. 0896330
**J. Blake Hunter, Esquire**
Florida Bar No. 0570788
Butler Weihmuller Katz Craig, LLP
3600 Maclay Blvd., Suite 10
Tallahassee, Florida 32312
Telephone: (850) 894-4111
Facsimile: (850) 894-4999
kmaus@butler.legal
jhunter1@butler.legal
eservice@butler.legal
*Attorneys for Plaintiff BITCO NATIONAL INSURANCE COMPANY*

**Edward P. Fleming, Esquire**
Florida Bar No. 615927
**Matthew A. Bush, Esquire**
Florida Bar No. 58312
McDonald, Fleming, Moorehead, Ferguson, Green & de Kozan, LLP
South Office
719 South Palafox Street
Pensacola, Florida 32502
Telephone: (850) 477-0660
Facsimile: (850) 477-4510
dmcraig@pensacolalaw.com
epfleming@pensacolalaw.com
mabush@pensacolalaw.com
*Attorneys for Plaintiff MORETTE COMPANY*

/s/ **Megan M. Hall**
ELIZABETH A. PARSONS
Florida Bar No. 0040266
MEGAN M. HALL
Florida Bar No. 0041695
Wilson, Harrell, Farrington, Ford,
 Wilson, Spain & Parsons, PA.
307 South Palafox Street
Pensacola, Florida 32502-5929
Telephone: (850) 438-1111

Facsimile: (850) 432-8500
eparsons@whsf-law.com
mhall@whsf-law.com
kmanning@whsf-law.com
*Attorney for Defendant*